

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___1/23/2026___

January 21, 2026

**VIA ECF**

The Honorable Nelson S. Román
United States District Court
Southern District of New York
Charles L. Brieant Jr.
United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

      Re:    *In re: DMCA Section 512(h) Subpoena to Google, LLC*
              Case number 7:25-mc-00554-NSR

Dear Judge Román,

We represent J. Doe in connection with the above-captioned subpoena seeking their identifying information, and write to request a pre-motion conference concerning Doe's intention to file a motion to quash the subpoena.

Doe resides outside the United States, has no experience with litigation, and was only recently notified of the subpoena. Doe could not afford to contest the subpoena without the assistance of pro bono counsel in the United States, which took some time to find (pro bono copyright lawyers are not exactly thick on the ground). We have conferred with Watch Tower's counsel via multiple emails over the past week in an attempt to resolve this dispute amicably, to no avail. We have also advised Google of Doe's intention to move to quash, and understand that the company will hold production of the requested information pending the outcome of the motion or another amicable resolution.

Doe fears that the subpoena is, at root, an attempt to punish an anonymous researcher who has helped enable criticism and commentary to which Watch Tower objects. Petitioner Watch Tower is a legal entity used worldwide by a religious organization, Jehovah's Witnesses, to direct, administer, and disseminate doctrines for the group. The underlying copyright claim is based on a single link to a single document: a "Study Articles" pamphlet that Watch Tower published in August 2024. The pamphlet was widely expected to announce changes in doctrine, a topic of interest to many in Doe's community. It was initially published in Tagalog, the primary language of the

see pg. 3

*MEMO ENDORSED*

The Honorable Nelson S. Román
January 21, 2026
Page 2 of 3

Philippines, and not in English. Another anonymous user posted the document in a moderated online community channel in which Doe participates, asking for a translation into English so that other readers could learn of the changes in doctrine. Doe used Google's automated translation tool to do so, and posted the result in the community channel as a favor for that user and other readers. That 5-minute action was entirely non-commercial, educational, and could not possibly harm any licensing market for the original work (if such a market even exists). Indeed, it was such a de minimis "use" that it is hard to understand why Watch Tower would bother to pursue it at all, particularly since the translated pamphlet is no longer available at the identified link, or any other location under Doe's control.

In the unlikely event that Watch Tower actually attempted to sue Doe in the United States, it is unlikely that the complaint would survive a motion to dismiss.

For Doe and others, however, that motion to dismiss would come too late. Doe is a lifelong member of the Jehovah's Witnesses community. Based on that experience, Doe knows that dissenting points of view and independent religious research are strongly discouraged in the community, and that those who engage in it (or help others do so) are likely to be labeled "apostates," and excommunicated, or "disfellowshipped" from the community. For Doe and others, alienation from their religious community means contact with friends and family will be cut off, often permanently—a devastating injury.

The First Amendment protects anonymous speech precisely to prevent these kinds of outcomes. Accordingly, a party seeking to pierce anonymity must establish: (1) [the] concrete[ness of the plaintiff's] showing of a prima facie claim of actionable harm, ... (2) [the] specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) [the] need for the subpoenaed information to advance the claim, ... and (5) the [objecting] party's expectation of privacy. *Arista Records v. Doe 3*, 604 F.3d 110 (2d Cir. 2010). As this and other courts have recognized, a subpoena seeking disclosure of a user's identifying information must be quashed under this test where, as here, the use in question is a non-infringing fair use. *In re DMCA Section 512(h) Subpoena to YouTube (Google, Inc.)*, 581 F. Supp. 3d 509 (S.D.N.Y. 2022).

In the alternative, given the weakness of the underlying claims and the irreparable harm disclosure would cause, the Court can and should exercise its inherent power to quash the subpoena.

Doe also intends to move to consolidate two parallel proceedings: this one and a similar subpoena, issued by Judge Karas to CloudFlare, also seeking Doe's identifying information. The documents referenced in that subpoena have also been taken offline.

The Honorable Nelson S. Román
January 21, 2026
Page 3 of 3

While the underlying content at issue and targeted providers vary, the most affected parties, background facts, and relevant law are the same. If a motion to quash is unfortunately necessary in the parallel proceeding as well, as it appears to be, Doe believes it makes more sense for one judge to consider both motions in the interests of consistency and judicial efficiency.

                                                  Respectfully submitted,

                                                  */s/ Mitchell L. Stoltz*

                                                  Mitchell L. Stoltz
                                                  *Attorney for J. Doe*

cc:  All Counsel (via ECF)

    The Court waives the pre-motion conference requirement and grants John Doe leave to proceed with a motion to quash the subpoena in accordance with the following briefing schedule:

- John Doe's motion papers shall be served (not filed) on March 9, 2026;
- Plaintiff's opposition papers shall be served (not filed) on April 8, 2026; and
- John Doe's reply papers shall be served on April 23, 2026.

    The parties are directed to file all motion documents on the reply date, April 23, 2026. The parties are further directed to mail two physical copies and email one electronic copy to Chambers of all motion documents at the time they are served.

    The Clerk of Court is directed to terminate the motion at ECF No. 8.

    Dated: January 23, 2026
    White Plains, New York

                                                  SO ORDERED:

                                                  NELSON S. ROMÁN
                                                  United States District Judge